UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HULL PERMANENT SEWER COMMISSION AND TOWN OF HULL,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY,<br><br>Defendant. | ) | DOCKET NO: 1:15-cv-11098-GAO |

**DEFENDANT, HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY'S ANSWER AND JURY DEMAND TO PLAINTIFFS' AMENDED COMPLAINT**

Now comes the defendant, Hartford Steam Boiler Inspection and Insurance Company ("HSB"), and by and through counsel, hereby answers the plaintiffs' Complaint as follows:

FIRST AFFIRMATIVE DEFENSE

The plaintiffs' Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Pursuant to the provisions of Rule 8(b) and (c) of the Federal Rules of Civil Procedure, the defendant, HSB, responds to the allegations set forth in the plaintiffs' Complaint, paragraph by paragraph, as follows:

**INTRODUCTION**

1. The defendant, HSB, admits that it issued an insurance policy to the Hull Permanent Sewer Commission as named insured. Otherwise, the defendant, HSB, denies the remaining allegations contained in paragraph 1 of the plaintiffs' Complaint.

2. The defendant, HSB, responds that the statements and allegations contained in the Introduction section of the plaintiffs' Complaint fail to state a claim for relief as required by Rule 8(b) of the Federal Rules of Civil Procedure and, therefore, no responsive pleading is required. To the extent the plaintiffs rely upon said allegations for the purposes of imposing liability upon the defendant, HSB, then same are denied in their entirety.

## PARTIES

3. The defendant, HSB, admits that the Hull Permanent Sewer Commission is located at 1111 Nantasket Avenue in Hull, and that it operates the Waste Water Treatment Facility for the Town of Hull. HSB is without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 3 of the plaintiffs' Complaint.

4. The defendant, HSB, admits the allegations contained in paragraph 4 of the plaintiffs' Complaint.

5. The defendant, HSB, admits the allegations contained in paragraph 5 of the plaintiffs' Complaint.

## JURISDICTION AND VENUE

6. The defendant, HSB, is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 6 of the plaintiffs' Complaint. Further answering, the defendant, HSB, states that the United States District Court for the District of Massachusetts may exercise jurisdiction over the subject matter of this case pursuant to the provisions of 28 U.S.C. §1291 and 28 U.S.C. §1332, because there is an actual controversy between citizens of different states concerning coverage of insurance of which exceeds the sum of $75,000.

7. The defendant, HSB, is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 7 of the plaintiffs' Complaint. Further answering, the defendant, HSB, states the United States District Court for the District of Massachusetts in Boston is the proper venue under 28 U.S.C. §§ 101 and 1441(a).

## BACKGROUND FACTS

8. The defendant, HSB, admits the allegations contained in paragraph 8 of the plaintiffs' Complaint.

9. The defendant, HSB, admits the allegations contained in paragraph 9 of the plaintiffs' Complaint.

## The Incident

10. The defendant, HSB, denies the allegations contained in paragraph 10 of the plaintiffs' Complaint.

11. The defendant, HSB, is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 11 of the plaintiffs' Complaint.

12. The defendant, HSB, is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 12 of the plaintiffs' Complaint.

13. The defendant, HSB, is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 13 of the plaintiffs' Complaint.

14. The defendant, HSB, is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 14 of the plaintiffs' Complaint.

## The Insurance Policy

15. The defendant, HSB, admits that it issued Policy FBP4935156, effective for the period March 4, 2012 to March 4, 2013, to the Hull Permanent Sewer Commission as named insured. The policy afforded coverage consistent with its express terms,

provisions and limits. The defendant, HSB, also admits that the attached document as Ex. A to the plaintiffs' Complaint is a document, the content of which speaks for itself. To the extent those allegations paraphrase or fail to accurately state the applicable terms of coverage, the defendant, HSB, denies the allegations contained in paragraph 15 of the plaintiffs' Complaint.

16. The defendant, HSB, admits the attached document as Ex. A to the plaintiffs' Complaint is a document, the content of which speaks for itself. To the extent the plaintiffs' allegations paraphrase or fail to accurately state the applicable terms of coverage, the defendant, HSB, denies the allegations contained in paragraph 16 of the plaintiffs' Complaint.

17. The defendant, HSB, admits the attached document as Ex. A to the plaintiffs' Complaint is a document, the content of which speaks for itself. To the extent the plaintiffs' allegations paraphrase or fail to accurately state the applicable terms of coverage, the defendant, HSB, denies the allegations contained in paragraph 17 of the plaintiffs' Complaint.

18. The defendant, HSB, admits the attached document as Ex. A to the plaintiffs' Complaint is a document, the content of which speaks for itself. To the extent the plaintiffs' allegations paraphrase or fail to accurately state the applicable terms of coverage, the defendant, HSB, denies the allegations contained in paragraph 18 of the plaintiffs' Complaint.

19. The defendant, HSB, admits the attached document as Ex. A to the plaintiffs' Complaint is a document, the content of which speaks for itself. To the extent the plaintiffs' allegations paraphrase or fail to accurately state the applicable terms of

coverage, the defendant, HSB, denies the allegations contained in paragraph 19 of the plaintiffs' Complaint.

**<u>HSB's Denial of Coverage under the Policy</u>**

20. The defendant, HSB, admits that it received notice of the incident from or on behalf of the Hull Permanent Sewer Commission. Otherwise, the defendant, HSB, is without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations contained in paragraph 20 of the plaintiffs' Complaint.

21. The defendant, HSB, denies the allegations contained in paragraph 21 of the plaintiffs' Complaint.

22. The defendant, HSB, is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 22 of the plaintiffs' Complaint.

23. The defendant, HSB, is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 23 of the plaintiffs' Complaint.

24. The defendant, HSB, denies the allegations contained in paragraph 24 of the plaintiffs' Complaint.

25. The defendant, HSB, denies the allegations contained in paragraph 25 of the plaintiffs' Complaint.

26. The defendant, HSB, admits that Hull Permanent Sewer Commission has alleged that it is seeking damages but it denies that Hull Permanent Sewer Commission is entitled to the damages it seeks. HSB denies any remaining allegations contained in paragraph 26 of the plaintiffs' Complaint.

**<u>CAUSE OF ACTION FOR BREACH OF CONTRACT</u>**

27. The defendant, HSB, repeats and reavers its responses to paragraphs 1 through 26 as if fully set forth herein.

28. The defendant, HSB, admits that the policy is a contract between the Hull Permanent Sewer Commission and HSB. Otherwise, the defendant, HSB, is without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations contained in paragraph 28 of the plaintiffs' Complaint.

29. The defendant, HSB, is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 29 of the plaintiffs' Complaint.

30. The defendant, HSB, denies the allegations contained in paragraph 30 of the plaintiffs' Complaint.

31. The defendant, HSB, denies the allegations contained in paragraph 31 of the plaintiffs' Complaint.

32. The defendant, HSB, denies the allegations contained in paragraph 32 of the plaintiffs' Complaint.

WHEREFORE, the defendant, Hartford Steam Boiler Inspection and Insurance Company, respectfully requests that this Honorable Court enter judgment dismissing the plaintiffs' Complaint and awarding Hartford Steam Boiler Inspection and Insurance Company its costs, together with such further relief as the Court deems just and proper.

THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, says that if the plaintiffs suffered the injuries or damage as alleged in the plaintiffs' Complaint, such injuries or damage were caused by someone for whose conduct HSB was not and is not legally responsible.

FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, says that the plaintiffs did not comply with certain terms and conditions of the policy of insurance alleged in the plaintiffs'

Complaint that are conditions precedent to the bringing of this action and that, therefore, the plaintiffs cannot recover in this action.

FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, says that the damage and loss alleged in the plaintiffs' Complaint is not covered by the policy of insurance and, therefore, the plaintiffs cannot recover.

SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, states that the plaintiffs' Complaint must fail because there exists no case or controversy with regards to the claims as alleged in this case.

SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, states that its obligations, if any, to the plaintiffs are governed by the terms, provisions, conditions and limitations of the insurance policy it issued to defendant the Town of Hull.

EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, states that all or part of the underlying claim for which the plaintiffs seek coverage is not within the scope of risks covered by the insurance policy HSB issued to defendant the Town of Hull.

NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, states that all or part of the underlying claim for which the plaintiffs seek coverage is excluded by the terms and provisions of the insurance policy HSB issued to defendant the Town of Hull.

TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, states that the plaintiffs' claims may be barred, in whole or in part, by the terms, definitions, exclusions, conditions and limitations contained in the policy HSB issued to defendant the Town of Hull.

ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, states that the plaintiff cannot demonstrate that the loss was caused by an accident or other event covered by the terms of the insurance policy.

TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, states that the plaintiffs' claims are, or may be, barred by statute, public policy, laches, waiver, estoppel, unclean hands and/or the applicable statute of limitations.

THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, HSB, states that the plaintiffs may not recover consequential or exemplary damages, or attorneys fees in this matter.

FOURTEENTH AFFIRMATIVE DEFENSE

HSB hereby reserves the right to amend this Answer to assert such additional affirmative defenses as may be warranted or justified by facts disclosed while this litigation remains pending.

WHEREFORE, the defendant, Hartford Steam Boiler Inspection and Insurance Company, respectfully requests that this Honorable Court enter judgment dismissing the plaintiffs' Complaint and awarding Hartford Steam Boiler Inspection and Insurance Company its costs, together with such further relief as the Court deems just and proper.

**JURY DEMAND**

THE DEFENDANT, HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, CLAIMS A TRIAL BY JURY ON ALL ISSUES PROPERLY TRIABLE TO A JURY.

Respectfully submitted,
HARTFORD STEAM BOILER
INSPECTION AND INSURANCE
COMPANY,

By its attorneys,

**MORRISON MAHONEY LLP**

*/s/William A. Schneider*
William A. Schneider, BBO #636421
250 Summer Street
Boston, MA 02210
Tel: (617) 439-7573
Fax: (617) 342-4951
wschneider@morrisonmahoney.com

**CERTIFICATE OF SERVICE**

I, William A. Schneider, hereby certify that on May 19, 2017, I electronically filed the above-referenced document with the Clerk of the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/William A. Schneider*
William A. Schneider